No. 2--00--0906
    

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

GARY McGEE AND CHRISTOPHER ) Appeal from the Circuit Court

RICKARD, ) of Lee County.

) 

Plaintiffs-Appellants, ) 

)

v. ) No.  99--MR--45

)

DONALD SNYDER, LILA KOCHES, )

and JAMES UTLEY, ) Honorable

) Tomas M. Magdich,

Defendants-Appellees. ) Judge, Presiding.

_________________________________________________________________

Supplemental Opinion Upon Denial of Rehearing

JUSTICE GROMETER delivered the opinion of the court:

Plaintiffs, Gary McGee and Christopher Rickard, filed an action challenging the manner in which the Department of Corrections (DOC) calculated certain good-conduct credits to which they claim they are entitled.  We resolved this issue in plaintiffs' favor, holding that they were entitled to have their sentences recalculated in accordance with a system that existed prior to  February 1, 1978.  Under this earlier system, prisoners could earn up to nine months of compensatory and statutory good-conduct credits per year following their fifth year of incarceration.  In 1978, the day-for-day system was adopted, which allowed for the accrual of six months of good-conduct credits per year.  We concluded that the application of the post-1978 system to plaintiffs constituted a potential 
ex post facto
 violation.  Thus, we ordered that their sentences be recalculated using both the post-1978 system and the pre-1978 system and that they receive the benefit of the most favorable system.

Defendants have filed a petition for rehearing.  Defendants now assert that a third system for calculating good-conduct credits applied to plaintiffs.  This system was in effect from June 1, 1977, until February 1, 1978.  We will refer to this system as the intermediate system.  According to defendants, plaintiffs never were eligible for the pre-1978 system.  Thus, they contend, for the purpose of determining whether an 
ex post facto
 violation occurred, the proper comparison is between the intermediate system and the post-1978 system and that such a comparison shows that no 
ex post facto
 violation occurred.  In their petition, they assert the following:

"Originally, when defendants prepared this case for trial and prepared their brief, they were under the impression that the [pre-1978] system applied to the inmates.  However, after this Court issued its opinion, Department of Correction officials re-reviewed McGee's and Rickard's cases and discovered that both, at the time of their offenses, had been covered by the short-lived [intermediate] system."  

Defendants acknowledge that we could deem this argument waived; however, they ask that we, in the interests of justice, address it.  While a party may be bound by such a waiver, this court, having the responsibility of reaching a just decision, is not.  
Majcher v. Laurel Motors, Inc.
, 287 Ill. App. 3d 719, 731 (1997).  The resolution of this matter requires findings of fact and the application of various internal regulations of the Department of Corrections that were in effect in the mid-1970s.  It is true that defendants did not address the proper regulation in their brief; however, plaintiffs committed the same error and also ignored the impact that the intermediate system has on this case.  Accordingly, we will remand this case so that the trial court and the parties may address the factual issues raised by plaintiffs in light of the proper law.  We express no opinion as to the merits of defendants' argument raised in their petition for rehearing.

On remand, the trial court should first determine whether the pre-1978 system or the intermediate system applied to plaintiffs.  After making this determination, the trial court should then compare the post-1978 system
 with whichever of the earlier systems it determines applied to plaintiffs.  If the trial court concludes that an earlier system is more favorable to plaintiffs, it should fashion an appropriate equitable remedy.

Affirmed in part and reversed in part; cause remanded with directions.

     
McLAREN
 and 
BYRNE
, JJ., concur.